IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL PATRICK GERAGHTY,

                Petitioner,

v.

LOUIS WILLIAMS II,

                Respondent.

OPINION & ORDER

18-cv-234-jdp

---

Federal prisoner Michael Patrick Geraghty has filed a petition under 28 U.S.C. § 2241 in which he challenges his security classification on multiple grounds. The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to Section 2241 petitions. *See* Rule 1(b), Rules Governing Section 2254 Cases. Under Rule 4, a district court will dismiss the petition only if it plainly appears that the petitioner is not entitled to relief. I will dismiss the petition because Geraghty cannot challenge his security classification under § 2241.

Geraghty's primary claim is that the Bureau of Prisons is violating his right to due process by housing him at the Federal Correctional Institution in Oxford, Wisconsin when he should be housed at a lower-security facility.[1] Geraghty alleges that the Bureau gave him the wrong security classification because of a false allegation in his presentence report regarding a "murder-for-hire plot."

This is not the type of claim that can be raised in the context of a habeas petition, which is limited to a challenge to the validity or duration of a prisoner's confinement. *Pischke v.*

---

[1] According to the Bureau's website, Oxford is a medium-security facility. https://www.bop.gov/locations/institutions/oxf/.

*Litscher*, 178 F.3d 497, 499–500 (7th Cir. 1999) (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in some meaningful sense"). Challenges to a prisoner's conditions of confinement must be brought in a civil action. *Glaus v. Anderson*, 408 F.3d 382, 387–88 (7th Cir. 2005).

"The line between the two kinds of cases can be fuzzy" when the prisoner is seeking something less than complete release (such as transfer to a halfway house), *Knowlin v. Gray*, No. 12-cv-926-bbc, 2013 WL 541525, at *1 (W.D. Wis. Feb. 13, 2013), but the court of appeals has held that changes in classification and prison transfers do not qualify as a "quantum change in the level of custody," which is the standard for a habeas petition. *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 139 (7th Cir. 1995) (habeas petition not proper vehicle when prisoner is "challenging only his location within the BOP system"). This is true even if the prisoner's current housing or classification is "more restrictive than the alternative that he seeks." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir.1991). *See also Bakhtiari v. Walton*, No. 13-906-JPG, 2013 WL 4768062, at *3 (S.D. Ill. Sept. 4, 2013) ("Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241."). Thus, Geraghty's challenge to his security classification belongs in a civil lawsuit.

I cannot convert Geraghty's habeas petition into a civil case because the two types of cases "have different procedural requirements and different potential consequences" that could affect a prisoner's decision to file one rather than the other. *Moran v. Sondalle*, 218 F.3d 647, 651 (7th Cir. 2000). For example, a civil case has a larger filing fee and may result in filing restrictions if the case is dismissed at the screening stage. *Id.* at 649. Thus, I will dismiss the case without prejudice to Geraghty's refiling it as a civil case if he wishes to do so.

But if Geraghty did refile his due process claim, I would dismiss it for a failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2) and § 1915A. The due process clause applies only when a prisoner has been deprived of liberty or property within the meaning of the clause, and the court of appeals has held that "prisoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992). *See also Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (prisoner unhappy with his security classification "has no legitimate statutory or constitutional entitlement sufficient to invoke due process"). Thus, even if Geraghty is correct that he was classified incorrectly as a result of false information in his presentence report, his due process claim would fail.

Geraghty also includes a race discrimination claim in his petition, alleging that the "BOP's custody classification system is racist." Dkt. 1, at 7. Again, Geraghty cannot bring this claim in the context of a habeas petition.

A prisoner may bring a civil case about race discrimination in prison, *Johnson v. California*, 543 U.S. 499, 510–511 (2005), but the claim must relate to discrimination against the plaintiff. It is not enough for Geraghty to allege what Bureau officials "usually" do. Parties may not sue the government whenever they believe that it has violated the law. *Allen v. Wright*, 468 U.S. 737, 754 (1984). Rather, Geraghty must show that officials violated *his* constitutional rights. *Kawasaki Heavy Industries, Ltd. v. Bombardier Recreational Products, Inc.*, 660 F.3d 988, 999 (7th Cir. 2011). He must also identify individual officials who allegedly discriminated against him and name them in the caption of his complaint. Fed. R. Civ. P. 10(a). Federal agencies such as the Bureau cannot be sued for constitutional violations. *FDIC v. Meyer*, 510 U.S. 471,

486 (1994). If Geraghty chooses to refile his discrimination claim, he will have to meet these requirements.

ORDER

IT IS ORDERED that Michael Patrick Geraghty's petition for a writ of habeas corpus is DISMISSED because Geraghty is not challenging the validity or duration of his confinement. The clerk of court is directed to enter judgment accordingly.

Entered April 23, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge